Brandon J. Baxter (9122)
Michael D. Jewell (14380)
PECK HADFIELD BAXTER & MOORE, LLC
399 N. Main Street
Suite 300
Logan, UT  84321
(435) 787-9700
bbaxter@peckhadfield.com
mjewell@peckhadfield.com

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

---

| | |
|---|---|
| ONE WORLD LANTERN FESTIVAL, LLC, a Utah limited liability company, and YOLO ENTERPRISES, LLC, a Utah limited liability company, | **COMPLAINT** |
|      Plaintiffs, | Civil No. _____ |
| vs. | Judge _____ |
| 1000 LIGHTS, LLC, a Utah limited liability company (formerly ANDREW KENNEY & ASSOCIATES, LLC ), NICHOLAS MENENDEZ, an individual, ZACH WERTZ, an individual, and ANDREW KENNEY, an individual, | |
|      Defendants. | |

---

Plaintiffs One World Lantern Festival, LLC, a Utah limited liability company doing

business as Water Lantern Festival ("One World"), and YOLO Enterprises, LLC,  a Utah limited

liability company ("YOLO"), by and through their legal counsel hereby complain against 1000

Lights, LLC, a Utah limited liability company formerly known as Andrew Kenney & Associates,

LLC, ("1000 Lights"), Nicholas Menendez ("Menendez"), Zach Wertz ("Wertz"), and Andrew

Kenney ("Kenney") (collectively referred to herein as the "Defendants") and allege as follows:

## PARTIES

1.      One World is a Utah limited liability company having its principal place of

business in Cache County, Utah.

2.      YOLO is a Utah limited liability company having its principal place of business

in Cache County, Utah.

3.      1000 Lights is a Utah limited liability company having its principal place of

business in Salt Lake County, Utah.

4.      Upon information and belief, Menendez is either a principal of or a key employee

and/or consultant of, 1000 Lights.

5.      Kenney and Wertz are principals of 1000 Lights.

## JURISDICTION AND VENUE

6.      This is a civil action for, among other things, trademark dilution and false

advertising brought by Plaintiffs pursuant to 15 U.S.C. § 1125.

7.      This court has jurisdiction over the subject matter of this action pursuant to 15

U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) and/or (b).

8.      Personal jurisdiction in this district is proper inasmuch as 1000 Lights is

headquartered and does business in Utah, its wrongful acts have occurred in Utah, and 1000

Lights has otherwise purposely availed itself of the privileges and benefits of the laws of the

State of Utah and therefore is subject to the jurisdiction of this Court.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### Creation and Operation of Water Lantern Festival

10.     One World organizes and conducts floating lantern events across the continental United States.  Participants are instructed to arrive 3-4 hours prior to sunset in order to enjoy food trucks, games, activities such as a bean-bag toss and a scavenger hunt, and other entertainment.  Each participant is provided with a custom designed floating lantern, which can be decorated by the participant in any way.   Shortly after sunset participants launch their custom designed lanterns onto a body of water and engage in peaceful reflection.

11.     One World's Water Lantern Festival events join people together in hope, love, happiness, healing, and connection.  The look and feel of each Water Lantern Festival Event is meticulously crafted toward this end.

12.     One World was founded by Michael Schaefer ("Schaefer") and David Knight ("Knight").  Schaefer and Knight have owned and operated other companies that organize fun and uplifting events for large groups of people since 2011.

13.     Knight and Schaefer each have a long history of building successful businesses based on hosting large events.  Through their years working in this sphere they have gained invaluable knowledge and understanding of the elements required for hosting successful events, including branding, marketing, advertising, customer service, and event execution.

14.     Knight and Schaefer have invested millions of dollars into building their event-based businesses, including advertising, research and development, product testing, and developing an overall participant experience.

3

15.     Through their years of experience, Knight and Schaefer have developed an array of best practices, policies, and procedures related to hosting successful and meaningful events.

16.     Knight and Schaefer have combined to create memorable events for over one million people at over six hundred events across the United States.

17.     Knight and Schaefer specifically designed One World's Water Lantern Festival events because the events bring hundreds – and even thousands – of people together with feelings of love, community togetherness, peace, and happiness.  The feedback One World has received for their Water Lantern Festival events has been incredibly positive and Water Lantern Festival continues to grow exponentially in order to meet the increasing demand.

18.     The ever-increasing demand for Water Lantern Festival events is directly tied to Knight's and Schaefer's extensive experience, as well as One World's dedication to providing genuinely meaningful events.  One World's dedication in this regard is the basis of its incredible goodwill within the event community, which is of utmost importance to One World.

19.     Knight and Schaefer designed Water Lantern Festival events to become an entire experience, consisting of food trucks, games, and entertainment, culminating in launching a custom designed floating lantern onto a body of water, creating an uplifting and inspiring sight of hundreds of floating lanterns illuminating the darkness.

20.     Prior to One World's creation of Water Lantern Festival events, no other similar event that combined all of the elements that Schaefer & Knight designed existed within the United States.

21.     In September 2017, Schaefer and Knight began executing on their business plan, which consisted of hours of research on market launch strategies, different types of lanterns,

distribution and clean up for events, venue research, and vendor contracts.  With the plan in place, One World began reaching out to potential venues to host Water Lantern Festival events.

22.     The Water Lantern Festival design mark, below, prominently features a mandala design.



23.     The mandala is a spiritual symbol representing the universe and has a history of being used as a spiritual guidance tool, for establishing a sacred space, and as an aid to meditation.

24.     The mandala symbol and imagery is prominently displayed as part of One World's trade dress at all Water Lantern Festival events, including on table cloths, mats, flags, banners, merchandise, promotional material.

25.     One World provides participants an event guide prior to the event, which features the Water Lantern Festival Mark and heavily incorporates the mandala design.  The event guide provides information to participants.  It includes an "Event Info" page, which includes the headings "When", "Where", "Parking", "What to Bring", and "What to Expect".  The next page is "Parking", which includes the address for where to park along with a map of the parking area. The next page is "Lantern Launch", which includes  the headings "Schedule" and "Decorate Your Lantern".  The final page of the event guide is titled "Food and Vendors". One World provides participants with a pre-packaged custom designed floating lantern, an LED candle to place within the floating lantern, a marker to decorate the floating lantern, and a scavenger hunt form.

26.     The floating lanterns provided to participants were custom designed and invented by Schaefer and Knight.  The floating lanterns are the product of months of research and development and are vastly superior for these types of events to any other floating lantern publicly available.  Knight and Schaefer are currently pursuing a design patent for the floating lantern.  The design patent application is currently pending.

27.     Along with its unique trade dress, One World markets its services under its "Water Lantern Festival" service mark (the "Water Lantern Festival Mark") and its "Light the Water" service mark (the "Light the Water Mark") (collectively referred to as the "WLF Marks").

28.     One World has been using the Water Lantern Festival Mark in commerce since at least November 16, 2017.

29.     One World applied for federal trademark registration for the Water Lantern Festival Mark on March 5, 2018.  The federal application for the Water Lantern Festival Mark is currently pending.

30.     One World has been using the Light the Water Mark in commerce since at least November 16, 2017.

31.     One World applied for federal trademark registration for the Light the Water Mark on July 13, 2018.  The federal application for the Light the Water Mark is currently pending.

32.     One World has built and maintained impeccable good will associated with the WLF Marks, building a substantial following throughout the United States.

33.     When One World first approached venues about the type of events it wanted to host, venues did not immediately understand the concept of floating lantern festivals because no such event existed at the time within the continental United States.

34.     Prior to the launch of One World and its Water Lantern Festival events, the term "Water Lantern Festival" meant nothing to people.

35.     A search on "Google Insights for Search" shows that prior to the launch of One World's events, the term "water lantern festival" had virtually no search traffic throughout the world, because the term "Water Lantern Festival" had no meaning associated with it.

36.     Since One World's event was so original, One World was required to spend significant time and money to inform customers about its events.

37.     One World promoted its Water Lantern Festival events nationwide through posting photographs, videos, and social media campaigns on the Internet along with advertisements on Facebook and other Internet sites, spending in excess of $510,000.00 on advertising and promotional efforts in 2018.

38.     One World created a Facebook page for Water Lantern Festival on Dec 5, 2017. One World has spent a significant amount of time and money directly and indirectly building One World's social media presence and, as of the date of this filing, the Water Lantern Festival Facebook page has over 26,000 likes and over 1.7 Million people have indicated an "Interested In" or "Going to the event" response on the Water Lantern Festival Facebook Event pages.  Each "like" and "event response" indicates an interested consumer investigating, following, and potentially subscribing to Water Lantern Festival events.

39.     As One World began marketing its Water Lantern Festival events, consumers began searching for the term "Water Lantern Festival."  When searches began, it was clear that consumers were searching for One World's events since there were no competitors in the market

organizing and hosting floating lantern events.  One World's Water Lantern Festival events remain the premiere and original floating lantern event hosted in the continental United States.

40.     By the end of the 2018 calendar year, One World will have hosted over 35 events with an aggregate of more than 120,000 participants.

41.     At least as early as November 16, 2017, One World began using the Light the Water Mark as a tag line on its website and in conjunction with each participant registration.  For example, after a participant registered for a Water Lantern Festival event, they would receive confirmation information that included the tagline, "Light the Water".

42.     One World's success is a result of extensive time, money, research and development, and original creativity invested in the creation of an event that draws thousands of participants to each event.

43.     As a result of this success, copycat events have begun to emerge.

44.     One World has aggressively policed its trademarks and has sent cease and desist letters to known competitors who have attempted to use any of One World's trademarks or any confusingly similar marks or trade dress in connection with their competitive events.

45.     Upon discovering 1000 Lights's use of "Light the Water Lantern Festival," One World sent a cease and desist letter to 1000 Lights.  However, 1000 Lights refused to comply with the cease and desist letter.

**Relationship With Nick Menendez and Andrew Kenney**

46.     On January 30, 2017, Menendez was hired by YOLO, an affiliate of Water Lantern Festival, which is owned and operated by Schaefer and Knight.  YOLO's sole purpose is to support the event production endeavors of Knight and Schaefer.

47.     As an employee of YOLO, Menendez's responsibilities were to research locations and plan Water Lantern Festival events for One World.

48.     Menendez's employment agreement with YOLO required Menendez to maintain the confidentiality of YOLO's confidential information, as well as the confidential information of YOLO's customers, including One World.

49.     Beginning at least as early as June 2018, while still employed to provide services to One World, Menendez began using One World's confidential information for his own gain by preparing to compete with One World.

50.     On June 18, 2018, while at work for One World, Menendez used his work computer to create an Instagram account for 1000 Lights with a username @lightthewater.

51.     From June 13, 2018 until Menendez's final day of employment on July 12, 2018, Menendez improperly accessed the email and work accounts of senior employees of One World numerous times in order to access One World's confidential information related to vendors, suppliers, pricing, custom lantern information, contacts, and other business operations.

52.     As an Event Coordinator for One World, Menendez was responsible for researching potential venues.  Menendez was supposed to log his research of potential venues in order to (a) prevent other event coordinators from researching the same venues, and (b) record and maintain contact information for venue contacts in order to build a network of potential venues and contacts.

53.     From June 13, 2018 until Menendez's final day of employment on July 12, 2018, Menendez researched a number of potential venues for Water Lantern Festival events and did not

log his research as required by One World.  Instead, Menendez used the research to subsequently book those venues for 1000 Lights.

54.     Following Menendez's final day of employment, One World discovered that during the course of his employment, Menendez spent a large amount of his time at work pursuing personal pleasures instead of providing valuable services to his employer.

55.     On June 2, 2018 and again on June 30, 2018, Kenney was hired by and performed services for One World as an independent contractor at the Water Lantern Festival events in Crestline, California and Colorado Springs, Colorado.  Menendez worked for One World as the Event Coordinator for these events.

56.     One of Menendez's responsibilities as the Event Coordinator for the Crestline, California and Colorado Springs, Colorado events was to hire independent contractors to work the event and to ensure that the independent contractors signed One World's independent contractor agreement.  Included in the independent contractor agreement is a non-compete provision, restricting the independent contractor's ability to compete with One World.

57.     Menendez failed to secure a signed independent contractor agreement from Kenney.

58.     Upon information and belief, Menendez intentionally failed to secure a signed independent contractor agreement from Kenney in order to allow Kenney to create a company that competes with One World.

59.     Upon information and belief, Menendez used Kenney as the front-person for their competing company in order to circumvent any non-compete and/or non-solicitation provisions of Menendez's employment agreement with YOLO.

**1000 Lights Launches its Copycat Event**

60.     1000 Lights was formed with the State of Utah on July 10, 2018 as Andrew

Kenney & Associates, LLC, with a registered d/b/a of Light the Water.

61.     1000 Lights offers identical floating lantern events and is a direct competitor of

One World.

62.     1000 Lights began doing business using service marks "Light the Water" (the

"Light the Water Infringing Mark") and "Light the Water Lantern Festival" (the "Water Lantern

Festival Infringing Mark") (collectively referred to as the "Infringing Marks").

63.     Upon information and belief, 1000 Lights did not begin using the Infringing

Marks in commerce until July 25, 2018 at the earliest.

64.     1000 Lights registered the Light the Water Infringing Mark with the State of Utah

on July 25, 2018.

65.     On 1000 Lights's website, 1000 Lights has used video and photographs of One

World's Water Lantern Festival events while giving the impression that the events were hosted

by 1000 Lights.  The video and some of the photographs were used without permission from the

copyright holder.

66.     One video featured on 1000 Lights's website was a video taken by Todd Hata at

One World's Water Lantern Festival event in Crestline, CA (the "Todd Hata Video").  The

copyright associated with the Todd Hata Video was purchased from Todd Hata by One World.

67.     Many of the photographs featured on 1000 Lights's website were taken at One

World's Water Lantern Festival events.

11

68.    One photo used on 1000 Lights's website was taken by Jenna Lee (the "Jenna Lee Photos") and has been used by 1000 Lights without permission.

69.    1000 Lights has engaged in social media marketing with an intentional effort to confuse consumers into believing that Water Lantern Festival events were hosted by 1000 Lights.

70.    For example, on July 15, 2018, one Water Lantern Festival customer posted the following statement on Instagram: "Checked out the Water Lantern Festival yesterday.  Pretty fun but there was a TON ! (sic) of people and not enough food trucks …"  1000 Lights publicly responded to the post via its Instagram account by commenting, "Such a fun night!  Next time we'll have more food trucks!  Sorry!  Follow us @lightthewater for future promotions."

71.    1000 Lights posted similarly confusing comments on dozens of Instagram accounts of One World's customers, giving the impression that 1000 Lights was somehow affiliated with One World and encouraging One World's customers to follow 1000 Lights (@lightthewater) on Instagram for "future events and promotions"

72.    While 1000 Lights engaged in a marketing campaign meant to deceive and confuse potential customers, they used the information Menendez had stolen from One World to prepare to host their own events.

73.    On September 29, 2018, 1000 Lights hosted its first floating lantern events in Lindon, Utah and Burbank, California.

74.    1000 Lights's events in Lindon and Burbank were carbon copies of Water Lantern Festival events.  For example:

   a.   1000 Lights improperly used One World's proprietary floating lantern design for the participants in their events.

12

b.   The 1000 Lights events include the mandala design featured in the Water Lantern Festival design logo and incorporated into One World's trade dress for Water Lantern Festival events.  1000 Lights used the mandala design identical to the mandala design used extensively in One World's trade dress.

c.   1000 Lights provided event guides to its participants that are materially identical to One World's event guide.  The 1000 Lights event guide begins with an "Event Information" page, which includes information related to "When", "Where", "What to Bring", and "What to Expect".  The next page is "Parking", which includes directions to, and a map of, the parking area.  The next page is "Lantern Launch", including "Schedule" and "Decorate Your Lantern".  The first section under "Decorate Your Lantern" is a word-for-word restatement of the first section under "Decorate Your Lantern" from One World's event guide.  The last page in the 1000 Lights event guide is "Vendors".  The information provided in the 1000 Lights event guide contains similar and oftentimes identical information to One World's event guide.

d.   The 1000 Lights events included games of bean-bag toss, which included the exact same bean bags and platforms, and a scavenger hunt that was very similar to the scavenger hunts used at Water Lantern Festival events.

75.   1000 Lights has willfully and intentionally copied the trade dress, as well as the overall feel and experience, of One World's Water Lantern Festival events.

76.   The floating lanterns provided by 1000 Lights to its event participants is identical to the floating lanterns designed by Schaefer and Knight.  Information regarding the floating

13

lanterns, including the manufacturer's information, pricing, and design, was improperly misappropriated by Menendez when he was an employee of One World.

77.     As a result of 1000 Lights's use of the Infringing Marks and 1000 Lights's willful efforts to portray an affiliation with One World, a large number of 1000 Lights customers have expressed confusion regarding whether or not 1000 Lights is affiliated with One World.  As of the date of this filing, One World has received numerous emails and other communications requesting information about 1000 Lights events.

78.     Multiple customers who attended one of the 1000 Lights events reached out to One World because they believed the 1000 Lights event was sponsored and/or hosted by One World.

79.     Many potential customers have expressed that they believed 1000 Lights events were actually One World events when they purchased their event tickets.

80.     Certain 1000 Lights venues have expressed to Schaefer and Knight that they agreed to host 1000 Lights events because they believed the events were One World events due to the photographs and videos of the One World events being used on 1000 Lights's website.

81.     Immediately upon discovering 1000 Lights's use of the Infringing Marks, One World contacted 1000 Lights to request that they cease and desist the use of the Infringing Marks.

82.     1000 Lights initially refused to cease and desist its use of the Infringing Marks.

83.     On or around September 21, 2018, 1000 Lights agreed to rebrand its name from "Light the Water" to "1000 Lights".  However, 1000 Lights still has a registered d/b/a of "Light the Water" and 1000 Lights has continued to use the Internet URL www.lightthewater.com (the

"LTW Domain"), which they simply redirected to their new website,

www.1000lightsfestival.com (the "1000 Lights Domain").

84.     The redirection of the LTW Domain to the 1000 Lights Domain continues to infringe upon One World's Light the Water Mark by suggesting an association and/or sponsorship of the new website and brand.

85.     On Sept 21, 2018 1000 Lights published a press release acknowledging the consumer confusion they had created and stated that the change to 1000 Lights was "to help eliminate customer confusion", while also continuing to use the website redirection to capitalize on the confusion.

86.     Furthermore, 1000 Lights has continued to use "Light the Water" and "Water Lantern Festival" on their website and in their printed information.

87.     One World has standing to sue 1000 Lights for unlawful use of marks that are confusingly similar to its marks, as well as the other causes of action described below.

**<u>First Cause of Action</u>**
**(Lanham Act – 15 U.S.C. § 1125)**

88.     Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

89.      1000 Lights's wrongful use of the Infringing Marks is likely to cause confusion as to sponsorship or authorization by One World, or alternatively, destroy the origin-identifying function of the WLF Marks.  1000 Lights's actions are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

90.     As a direct and proximate result of 1000 Lights's actions, One World has suffered and will continue to suffer damage to its business, goodwill, reputation, profits, and the strength

of its mark.  The injury to One World is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate One World for its injuries and One World lacks an adequate remedy at law.

91.     One World is entitled to a preliminary and permanent injunction against 1000 Lights, as well as all other remedies available under the Lanham Act, including, but not limited to, actual damages, costs, attorney fees, 1000 Lights's profits derived from its infringing activities, said amounts to be trebled by virtue of 1000 Lights's knowing and willful behavior.

**Second Cause of Action**
**(Common Law Trademark Infringement)**

92.     Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

93.     1000 Lights's use of the Infringing Marks as described above constitutes infringement of One World's common law rights in the WLF Marks.

94.     1000 Lights has been unjustly and improperly enriched through its wrongful use of the Infringing Marks.  One World has been damaged in its business and will continue to be so damaged and is without an adequate remedy at law unless 1000 Lights is enjoined by the Court. Further, One World should be awarded punitive damages by reason of 1000 Lights's willful, intentional, and unauthorized use of the Infringing Marks as described herein.

**Third Cause of Action**
**(Trade Dress Infringement)**

95.     Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

96.     The look and feel of Water Lantern Festival events, along with the use of the WLF Marks and mandala design constitute unique trade dress to One World.

97.     One World's trade dress is non-functional.

98.     1000 Lights has copied One Worlds trade dress by creating a floating lantern event that features the mandala design, uses an almost identical event guide, and encourages participants to participate in nearly identical activities to those offered at Water Lantern Festival events.

99.     1000 Lights has further copied One World's trade dress by using the Infringing Marks in promotional and advertising materials as well as by using videos and photographs of Water Lantern Festival events in its promotional materials.

100.    1000 Lights's conduct has created confusion and is likely to continue causing confusion regarding the source of origin of 1000 Lights events and Water Lantern Festival events.

101.    One World is entitled to damages against 1000 Lights in an amount to be proven more fully at trial.  In addition, One World is entitled to injunctive relief prohibiting Defendants from engaging in continued infringing activities.

### Fourth Cause of Action
### (Unfair Competition Act – Utah Code Ann. § 13-5a-101 *et seq*.)

102.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

103.    The actions of 1000 Lights as described above constitute intentional business acts and practices that are unlawful, unfair, and misleading, and have led to a material diminution in value of One World's intellectual property.

104.    Pursuant to Utah Code Ann. § 13-5a-102, One World is entitled to actual damages caused by 1000 Lights's unfair competition, as well as costs, attorney fees, and punitive damages.

**Fifth Cause of Action**
**(Unfair Competition – Utah Common Law)**

105.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

106.    By its actions, as described above, 1000 Lights has unfairly competed with and continues to unfairly compete with One World.

107.    1000 Lights has engaged in these activities knowingly, willfully, and, on information and belief, with actual malice and in bad faith, so as to justify the assessment of increased, exemplary, and punitive damages against it in an amount to be determined at trial.

108.    1000 Lights's conduct has caused One World to sustain irreparable harm and other damages in an amount to be established at trial.

109.    1000 Lights's actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to One World for which One World has no adequate remedy at law and which justify entry of a preliminary and permanent injunction.

**Sixth Cause of Action**
**(Interference with Economic Relations)**

110.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

111.    Through the improper means of intentionally infringing upon the WLF Marks, 1000 Lights has interfered with One World's prospective and actual economic relations,

including by confusing One World's actual and potential customers and venues and by diverting sales away from One World.

112.    The foregoing conduct of 1000 Lights is the result of willful and malicious or intentionally deceptive conduct, or conduct that manifests a knowing and reckless indifference toward, and disregard of, the rights of One World.

113.    As a direct and proximate result of the intentional and improper acts and conduct of 1000 Lights, One World has suffered actual and consequential damages and other losses in an amount to be determined at trial.

**Seventh Cause of Action**
**(Unjust Enrichment)**

114.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

115.    1000 Lights has benefited from their improper, unfair, and unauthorized use of One World's intellectual property.

116.    1000 Lights would be unjustly enriched if permitted to retain the profits and other gains they have received, and continue to receive, from such actions.

117.    Equity and good conscience dictate that 1000 Lights be required to account for and turn over to One World, or to be deemed to hold in constructive trust for the benefit of One World, all profits and gains derived and to be derived from the sale by 1000 Lights of any products and/or services using the Infringing Marks, in an amount to be proven at trial.

**Eighth Cause of Action**
**(Breach of Duty of Loyalty – Against Menendez)**

118.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

119.    As an employee of YOLO, Menendez owed YOLO a duty of loyalty.

120.    By using work time to prepare to compete with YOLO's affiliate, One World, Menendez breached his duty of loyalty.

121.    Furthermore, by utilizing his position with YOLO and One World to take potential One World venues for the benefit of 1000 Lights, Menendez breached his duty of loyalty.

122.    Equity and good conscience dictate that Menendez be required to reimburse YOLO for wages paid to him during the time period in which Menendez was using company time to prepare to compete with YOLO's affiliate, One World.

123.    As a direct and proximate result of the intentional and improper acts and conduct of Menendez, YOLO has suffered actual and consequential damages and other losses in an amount to be proven at trial.

**Ninth Cause of Action**
**(Misappropriation of Confidential Information – Against Menendez)**

124.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

125.    Menendez willfully and improperly gained access to One World's confidential information by logging into accounts owned by his superiors at One World.

126.    Menendez used and/or disclosed One World's confidential information for the benefit of his competing enterprise, 1000 Lights and to the detriment of One World.

127.     As a direct and proximate result of the intentional and improper acts and conduct of 1000 Lights, One World has suffered actual and consequential damages and other losses in an amount to be determined at trial.

**Tenth Cause of Action**
**(Civil Conspiracy)**

128.     Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

129.     As illustrated above, Menendez, Wertz, Kenney, and 1000 Lights conspired together to misappropriate One World's confidential information, bypass non-compete agreements, willfully infringe upon the WLF Marks, and improperly interfere with One World's economic relationships.

130.     As a direct and proximate result of the intentional and improper acts and conduct of 1000 Lights, One World has suffered actual and consequential damages and other losses in an amount to be determined at trial.

**Eleventh Cause of Action**
**(Copyright Infringement)**

131.     Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

132.     The Todd Hata Video is an original work of authorship owned by One World.

133.     The Jenna Lee Photos are original works of authorship owned by Jenna Lee. Jenna Lee has assigned her copyright infringement claims associated with 1000 Lights's improper use of the Jenna Lee Photos to One World.

134.    Defendants, directly and/or indirectly, have reproduced or permitted to be reproduced the Todd Hata Video and the Jenna Lee Photos.

135.    Defendants have thereby violated the exclusive rights provided by 17 U.S.C. § 106 and has thus infringed One World's copyrights as provided in 17 U.S.C. § 501.

136.    On information and belief, Defendants' misconduct is knowing, willful, and malicious, with full knowledge of the copyright holders' rights.

137.    Defendants' aforesaid infringement of one or more claims of copyright is continuing and may continue unless enjoined.

138.    As a result of the foregoing misconduct, One World has been damaged and is entitled to recover damages as a result of Defendants' infringement in an amount to be proven at trial.

139.    As a result of the foregoing misconduct, One World is entitled to recover actual damages, costs, and attorney fees.

140.    One World is also entitled to a permanent injunction preventing further infringement by Defendants of One World's rights.

**Twelfth Cause of Action**
**(False Advertising by Defendants in Violation**
**of Section 43(a)(1)(B) of the Lanham Act)**

141.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

142.    Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), prohibits Defendants from using a false or misleading description of fact or representation of fact in interstate commerce and in connection with the sale of goods or services, in commercial

advertising or promotion, when the description or representation misrepresents the nature,

qualities, or geographic origin of goods, services, or commercial activities or the goods, services,

or commercial activities of another person, and the other person has been or is likely to be

damaged by those acts.

143.    Defendants have knowingly and willfully marketing their services in a way that

conveys connection and/or sponsorship of their services by One World.

144.    Defendants' conduct, as alleged herein, constitutes false or misleading

descriptions of fact or representations of fact regarding the nature, characteristics, and/or

qualities of Defendants' services and commercial activities within the meaning of Section

43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

145.    As a result of Defendants' conduct as alleged herein, One World has suffered

irreparable harm and other damages, including, without limitation, loss of goodwill, damage to

reputation, and losses and damages arising from lost sales and lost revenue, and will continue to

do so unless Defendants are restrained and enjoined by this Court from engaging in further

violations of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

146.    One World has no adequate remedy at law.

147.    As a result of Defendants' conduct as alleged herein, One World is entitled to the

entry by the Court of a temporary restraining order, preliminary injunction, and permanent

injunction, restraining and enjoining Defendants from engaging in any further violations of

Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and ordering corrective

advertising.

148.    Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, in addition to injunctive relief, One World is entitled to recover Defendants' profits and treble the damages sustained by One World that were caused by Defendants' conduct in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

**Thirteenth Cause of Action**
**(Violation by Defendants of Utah Truth in Advertising Act's**
**Prohibition against Deceptive Trade Practices)**

149.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

150.    A deceptive trade practice under Section 13-11a-3(1) of the Utah Truth in Advertising Act occurs when, in the course of a person's business, that person (a) passes off goods or services as those of another, (b) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, or (c) causes likelihood of confusion or of misunderstanding as to affiliation, connection, association with, or certification by another.

151.    Defendants has knowingly and willfully (a) passed off its services as those of One World, (b) caused likelihood of confusion regarding the source, sponsorship, and/or approval of Defendants' services by One World, and (c) caused likelihood of confusion or of misunderstanding as to 1000 Lights's affiliation, connection, and/or association with One World.

152.    Defendants are continuing to engage in the wrongful conduct alleged above in violation of Section 13-11a-3(1) of the Utah Truth in Advertising Act.

153.    As a result of Defendants' conduct as alleged herein, One World has suffered irreparable harm to its goodwill and reputation, as well as losses and damages arising from lost

sales and lost revenue, and will continue to do so unless Defendants are restrained and enjoined by this Court from engaging in further deceptive trade practices in violation of the Utah Truth in Advertising Act.

154.    One World has no adequate remedy at law.

155.    Pursuant to Utah Code Ann. § 13-11a-4(2)(b), in addition to injunctive relief, One World is entitled to recover from Defendants the amount of actual damages sustained by One World as a result of Defendants' violation of the Utah Truth in Advertising Act or $2,000.00 for each violation, whichever is greater.

156.    Pursuant to Utah Code Ann. § 13-11a-4(2)(c), One World is entitled to recover from Defendants its attorney fees and costs incurred herein.

<u>**Fourteenth Cause of Action**</u>
**(Breach of Contract – Against Menendez)**

157.    Plaintiffs re-allege and incorporate herein, as if set forth in full, the foregoing allegations of the Complaint.

158.    Menendez and YOLO executed an employment agreement, attached hereto as Exhibit A (the "Employment Agreement").

159.    The Employment Agreement is a valid contract between Menendez and YOLO.

160.    The Employment Agreement required Menendez to maintain the confidentiality of YOLO's and One World's confidential information.

161.    Menendez knowingly, intentionally, and improperly breached the Employment Agreement by using One World's confidential information for the benefit of his competing company, 1000 Lights.

162.    As a direct and proximate result of the intentional and improper acts and conduct of Menendez, Plaintiffs have suffered actual and consequential damages and other losses in an amount to be determined at trial

## Relief Requested

WHEREFORE, Plaintiffs pray for judgment against 1000 Lights as follows:

1.    For an injunction against 1000 Lights, as well as against its officer, agents, servants, and employees, as well as those persons in active concert or participation with any of them, including their customers and vendors who receive actual notice of the Order by personal service or otherwise, be preliminarily and permanently enjoined from:

a.    Using the Infringing Marks or any variation thereof in connection with services related to event and/or festival hosting;

b.    Using the Infringing Marks or any variation thereof as any part of a thematic marketing concept in connection with services related event and/or festival hosting;

c.    Diluting, blurring, passing off or falsely designating the origin of the WLF Marks and thereby injuring One World's goodwill and reputation;

d.    Doing any other act or thing likely to induce the belief that 1000 Lights's business, services, or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by One World; and

e.    Requiring 1000 Lights to immediately destroy any and all promotional or sales materials that refer to or use the Infringing Marks;

2.      That 1000 Lights be directed to file with this Court and serve upon counsel for Plaintiffs within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which 1000 Lights has complied with the permanent injunction;

3.      That 1000 Lights be directed to publish, with the approval of One World, a statement that 1000 Lights is not connected with, sponsored by, affiliated with, licensed by, or endorsed by One World in any way.

4.      That Plaintiffs be awarded their actual damages sustained as a result of Defendants' wrongful actions;

5.      That One World recover 1000 Lights's profits made as a result of 1000 Lights's wrongful actions;

6.      That One World recover three times 1000 Lights's profits made as a result of 1000 Lights's wrongful actions or three times One World's damages, whichever is greater.

7.      That One World recover its actual damages or $2,000 for each instance of 1000 Lights's breach of the Utah Truth in Advertising Act, whichever is greater.

8.      That 1000 Lights be deemed liable for and ordered to reimburse Plaintiffs for their reasonable attorneys' fees;

9.      That Plaintiffs be awarded exemplary damages in their favor and against Defendants as a result of Defendants' willful and intentional acts;

10.     That Plaintiffs recover their costs; and

11.     That Plaintiffs receive such other and further relief to which it may be entitled as the Court deems appropriate.

DATED this 1st day of November 2018.

                                PECK HADFIELD BAXTER & MOORE, LLC

                                */s/ Michael D. Jewell*
                                Michael D. Jewell
                                Brandon J. Baxter

                                *Attorneys for Plaintiffs*